UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT RICE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF LASSEN, et al.,<br><br>        Defendants. | No. 2:20-cv-02427-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants County of Lassen ("County"), Kelley Cote, Elizabeth Krier ("Krier"), and Tricia Diamond's ("Diamond") (collectively, "Defendants") Motion to Dismiss. (ECF No. 7.) Plaintiffs Brent Rice ("Rice") and A.R. (collectively, "Plaintiffs") filed an opposition. (ECF No. 9.) Defendants filed a reply. (ECF No. 11.) For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///
///
///

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

A.R. suffers from autism. (ECF No. 1 at 5.) In February 2014, when A.R. was 12 years old, police responded to her mother's report of domestic violence based on a verbal disagreement between A.R. and her mother. (*Id.*) During the investigation, A.R. accused her father, Rice, of sexually molesting her. (*Id.*) The police forwarded the report to the district attorney. (*Id.*) Although no criminal charge or dependency proceeding ensued, Krier, a County social worker, verbally threatened to remove A.R. to a foster home if Rice visited her. (*Id.*) Thereafter, Rice maintained contact with A.R. by telephone. (*Id.* at 6.)

In May 2018, Krier filed a declaration in support of a warrant to remove A.R. from her mother's home. (*Id.* at 5.) The declaration stated that Rice "has not had custody of the child in many years and is believed to not have been in contact with the child." (*Id.*) Plaintiffs allege this statement was false as Rice had joint custody rights and maintained contact with A.R. by telephone after being warned not to visit her. (*Id.* at 5–6.) Plaintiffs also allege the declaration failed to disclose either Krier's 2014 removal threat or Rice's desire and ability to care for A.R. (*Id.* at 6.) After learning of the warrant's existence, Rice informed Krier he would care for A.R. and that her mother would so consent. (*Id.*)

A week later, the County filed a juvenile dependency petition as to A.R., verified by Krier, which did not mention Rice. (*Id.* at 7.) Krier later prepared a detention report that stated A.R. had no relatives to consider for placement. (*Id.*) Plaintiffs allege this statement was false as A.R. had relatives willing to step in that were never contacted. (*Id.*) Because of the alleged misrepresentations and omissions, the juvenile court approved A.R.'s continuing detention, resulting in her placement at a group home, Paradise Oaks Youth Services ("Paradise Oaks"). (*Id.* at 7–8.) While at Paradise Oaks, A.R. was not enrolled in school and was given overly high doses of daily medication. (*Id.* at 8.) Rice called Krier, who indicated that he needed a court order to lower the doses. (*Id.*) The group home also provided A.R. with sexual education, for which she was unprepared. (*Id.*)

---

[1]    This statement of facts is taken, sometimes verbatim, from the Complaint. (ECF No. 1.)

After months of separation, the juvenile court determined Rice to be a suitable parent and recommended he receive physical custody. (*Id.*) At a subsequent meeting with Rice, Krier said she had received information that Rice supplied A.R. with marijuana and supervisor Diamond demanded A.R. undergo a drug test, which proved negative, yet subsequent social worker reports did not disclose the test result. (*Id.*) In December 2018, the juvenile court awarded A.R.'s legal and physical custody to Rice. (*Id.* at 9.)

On December 8, 2020, Plaintiffs filed the instant Complaint, which alleges: (1) a 42 U.S.C. § 1983 ("§ 1983") claim based on the violation of Plaintiffs' rights to familial association and fabrication of evidence under the Fourth and Fourteenth Amendment against Krier and Diamond; (2) a *Monell* claim for fabrication of evidence, unlawful removal, and failure to train against the County and its social workers; (3) a § 504 of the Rehabilitation Act claim against all Defendants; and (4) a Title II of the Americans with Disabilities Act ("ADA") claim against all Defendants. (*Id.* at 9–17.) On February 26, 2021, Defendants moved to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 7.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

*Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also* Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.

If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

4

Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

### III. ANALYSIS

Defendants move to dismiss each of Plaintiffs' claims. (ECF No. 7-1.) The Court will address Plaintiffs' claims in turn.

#### A. Claims One and Two

Defendants move to dismiss Plaintiffs' § 1983 claim (Claim One) for "violation of their rights to familial association" and "fabrication of evidence" because: (1) no relationship interference is alleged; and (2) allegations about the warrant application and detention report are incomplete. (ECF No. 7-1 at 11–17.) Defendants also argue that to the extent Plaintiffs allege Krier interfered with Plaintiffs' father-daughter association in 2014 by threatening to place A.R. in foster care if Rice continued to visit, such claims are time-barred. (*Id.* at 11.)

In opposition, Plaintiffs argue that prior to Defendants' involvement, Rice enjoyed joint legal and physical custody of A.R. and he was denied the right to live with, visit with, and spend time with A.R. when Krier threatened him in 2014. (ECF No. 9 at 16 (citing ECF No. 1 at ¶¶ 16–18).) Plaintiffs do not address Defendants' argument that claims based on the 2014 threat are time-barred, nor do they address Defendants' argument that allegations relating to the warrant application and detention report are incomplete.

"[C]laims brought under § 1983 are subject to the forum state's statute of limitations for personal injury suits." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019). "California's statute of limitations for personal injury actions is two years." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (citing Code of Civil Procedure § 335.1).

In the instant case, Plaintiffs filed the Complaint on December 8, 2020. (ECF No. 1.) Plaintiffs seem to base Claim One on conduct that took place before December 8, 2018. (*See* ECF No. 9 at 16 (citing ECF No. 1 at ¶¶ 16–21, 26–30).) Absent argument to the contrary, the Court concludes claims based on these allegations are time-barred.

///

5

Plaintiffs also assert a *Monell* claim (Claim Two) against the County. (ECF No. 1 at 10.) To bring a *Monell* claim against a municipality, a plaintiff must establish "the local government had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [he] suffered." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). In the instant case, Plaintiffs have failed to establish an underlying constitutional violation. "[A] municipality . . . [cannot] be held liable under § 1983 where no injury or constitutional violation has occurred." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

Therefore, the Court GRANTS Defendants' motion to dismiss Claims One and Two with leave to amend.

### B.  Claims Three and Four

Defendants move to dismiss Plaintiffs' disability-related claims because: (1) Plaintiffs fail to allege affirmative participation by Defendants; (2) individuals are not proper Defendants under the Rehabilitation Act or ADA; (3) Plaintiffs do not allege federal funds were used to pay the group home; (4) Plaintiffs fail to allege A.R. was able to handle normal or special education classes; (5) Plaintiffs fail to allege deliberate discrimination; and (6) neither the provision of sexual education nor higher doses of medication qualify as a program exclusion or benefit denial. (ECF No. 7-1 at 23–24.)

To establish a prima facie case of disability discrimination under Title II of the ADA, a plaintiff must prove: (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. *Weinreich v. L.A. Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). A prima facie case under the Rehabilitation Act has similar elements, except that the plaintiff must also prove that the program at issue receives federal financial assistance. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiffs, who are represented by counsel, fail to respond to most of Defendants' arguments in a meaningful way. (*See* ECF No. 9 at 20–23.) For example, Plaintiffs fail to address Defendants' argument that Plaintiffs cannot bring ADA or Rehabilitation Act claims

6

1   against individual Defendants.  (*See id.*); *see Everett H. v. Dry Creek Joint Elementary Sch. Dist.*,
2   5 F. Supp. 3d 1167, 1181 (E.D. Cal. 2014) (dismissing ADA and Rehabilitation Act claims
3   brought against individual school administrators); *A. A. P. v. Sierra Plumas Joint Unified Sch.*
4   *Dist.*, No. 2:19-cv-00882-TLN-CKD, 2021 WL 847812, at *8 (E.D. Cal. Mar. 5, 2021) (same).
5   As another example, Plaintiffs do not provide case law or sufficiently explain how A.R.'s
6   overmedication and participation in sexual education classes constitutes exclusion, denial of
7   benefits, or discrimination.  (*See* ECF No. 9 at 20–23.)  Nor do Plaintiffs point to allegations that
8   suggest any exclusion, denial of benefits, or discrimination was by reason of A.R.'s disability.
9   (*See id.*)  Indeed, Plaintiffs offer only conclusory allegations that Defendants acted "intentionally
10  and/or with deliberate indifference." (ECF No. 1 at 16.)  It is also unclear whether Plaintiffs
11  adequately allege the relevant program receives federal funding as required for a Rehabilitation
12  Act claim.  Based on Plaintiffs' deficient briefing — which lacks case law, analysis, and
13  clarity — the Court cannot say that Plaintiffs have alleged plausible claims under the ADA or
14  Rehabilitation Act.
15       As such, the Court GRANTS Defendants' motion to dismiss Claims Three and Four with
16  leave to amend.
17       **IV.    CONCLUSION**
18       For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss with leave
19  to amend.  (ECF No. 7.)  Plaintiffs shall file an amended complaint not later than (30) days from
20  the electronic filing date of this Order.  Defendants shall file a responsive pleading to the
21  amended complaint within twenty-one (21) days from the electronic filing date of the amended
22  complaint.
23       IT IS SO ORDERED.
24  **DATED: October 31, 2022**

Troy L. Nunley
United States District Judge