UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT RICE, an individual; and A.R., a minor, by and through her Guardian ad litem, BRENT RICE,<br><br>         Plaintiff,<br><br>     v.<br><br>COUNTY OF LASSEN, et al.,<br><br>         Defendants. | No.  2:20-cv-02427-TLN-KJN<br><br>**ORDER** |

  This matter is before the Court on Plaintiffs' Petition for Appointment of Guardian Ad Litem.  (ECF No. 23.)

  Federal Rule of Civil Procedure ("Rule") 17(c) allows for the appointment of a guardian ad litem to "sue or defend on behalf of a minor or an incompetent person."  Fed. R. Civ. P. 17(c). The Court originally granted Plaintiffs' petition to appoint A.R.'s father, Brent Rice, as her guardian ad litem based on Plaintiffs' representation that A.R. was a minor.  (ECF No. 6.) Defendants later argued that A.R. was never a minor during the pendency of this action.  In response, Plaintiffs apparently concede A.R. was not a minor during this action and now argue instead that A.R. is incompetent because she suffers from autism and mental illness. (ECF No. 21.)  Plaintiffs also state Brent Rice recently passed away and request the Court substitute A.R.'s neighbor, Kathleen Catron ("Catron"), as her guardian ad litem.  (ECF No. 23.)

In California, the test for incompetence "is whether the party has the capacity to understand the nature of the lawsuit or consequences of the proceeding and can assist counsel in preparation." *G.C. v. San Diego Unified School District*, No. 3:21-CV-00019-L-BGS, 2021 WL 1062360, at *1 (S.D. Cal. 2021) (citations omitted).

The only evidence Plaintiffs provide is a declaration from Catron, stating in a conclusory fashion that A.R. is "an autistic child with significant mental illness." (ECF No. 23 at 2.) Plaintiffs fail to provide any evidence to verify the existence and severity of A.R.'s autism and mental illness to allow the Court to determine whether she lacks the capacity to understand the nature of the lawsuit or is unable to assist with counsel. Therefore, the Court concludes there is currently insufficient evidence to show A.R. is incompetent. *See G.C.*, 2021 WL 1062360, at *1 (denying plaintiff's petition for guardian ad litem despite him being diagnosed with DiGeorge Syndrome, autism, seizure disorder, and cerebral palsy due to the evidence not supporting his lack of capacity to understand the nature of the lawsuit or his inability to assist his counsel); *see also McElroy v. Cox*, No. CIV. 08-1221JMAJB, 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009) (concluding that although the petitioner submitted evidence to support his mental disability, his ability to function well with medication undercut his claim of incompetence).

In addition to evidence confirming A.R.'s autism and mental illness, "[a]ny subsequent petition should include declarations or affidavits related to [A.R.'s] lack of capacity to understand the nature or consequences of the lawsuit and inability to assist [her] counsel in the preparation of the case." *G.C.*, 2021 WL 1062360, at *2 (citing *Allen v. Calderon*, 408 F.3d 1150, 1152 (9th Cir. 2005) (a court may consider sworn declarations and medical records when determining whether an individual is incompetent)). "The petition should also provide evidence as to whether [A.R.] consents to the appointment" and should also indicate whether a hearing is necessary. *Id.* (citing *Golden Gate Way, LLC*, No. C 09–04458 DMR., 2012 WL 4482053, at *3 (N.D. Cal. Sept. 28, 2012)).

///

///

///

1   For these reasons, the Court DENIES Plaintiffs' Petition for Guardian Ad Litem.  (ECF No. 23.)

IT IS SO ORDERED.

DATE: June 7, 2023

Troy L. Nunley
United States District Judge